**NOT FOR PUBLICATION**

MAY 16 2011

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| KESEY, LLC, an Oregon domestic limited liability company,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>MICHELE FRANCIS, AKA Mischelle McMindes; MIKE HAGEN; SUNDOWN & FLETCHER, INC., an Oregon corporation,<br><br>    Defendants - Appellants,<br><br>  and<br><br>KATHERINE WILSON; ASSOCIATES FILM PRODUCERS SERVICES,<br><br>    Defendants. | No. 10-35084<br><br>D.C. No. 3:06-cv-00540-AC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Argued and Submitted May 3, 2011
Portland, Oregon

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: KOZINSKI, Chief Judge, TASHIMA and IKUTA, Circuit Judges.

Even assuming that Defendants have not waived their arguments with respect to copyright ownership of the screenplay for failure to "specifically and distinctly" make such arguments in their opening brief, *see Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986), they have failed to identify any genuine issue of material fact that the screenplay was a work made for hire, that Defendants were joint authors with Kesey, that Kesey had transferred ownership to Defendants, or that they have any other basis for claiming ownership of the copyright.

Nor have Defendants raised any genuine issue of material fact with respect to their affirmative defenses to the declaratory relief action. Defendants offered no evidence that they communicated a "plain and express repudiation" of Kesey, LLC's (or Ken Kesey's) copyright ownership in the screenplay before June 2003, and therefore the statute of limitations does not bar Kesey, LLC's declaratory relief action. *Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996); *see also Aalmuhammed v. Lee*, 202 F.3d 1227, 1230–31 (9th Cir. 2000). Nor is there a genuine issue of material fact that Kesey, LLC unreasonably delayed in bringing suit or that Defendants suffered prejudice as a result of that delay, and therefore

2

neither laches nor estoppel bars the declaratory relief action. *See Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 996–97 (9th Cir. 2006) (per curiam); *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 399–400 (9th Cir. 1988). Additionally, we reject Defendants' challenge to the district court's evidentiary rulings because Defendants have not shown any prejudice. *See Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 987–88 (9th Cir. 2009).

Finally, because Francis and Hagen knowingly acted on behalf of Sundown & Fletcher, Inc., after the corporation had been involuntarily dissolved as an Oregon corporation, the district court properly maintained Kesey, LLC's suit against the individual defendants. *See* Or. Rev. Stat. § 60.054.

Kesey, LLC's motion to file the novel as part of its supplemental excerpts of record is denied as moot.

**AFFIRMED.**